UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION

| | | |
|---|---|---|
| J. TAYLOR & ASSOCIATES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-101 |
| MATTHEW SPANGLER, | § § § | |
| Defendant. | § § | |

## DEFENDANT MATTHEW SPANGLER'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, Defendant Matthew Spangler removes the above-entitled action from the 348th Judicial District Court in Tarrant County, Texas, to the U.S. District Court for the Northern District of Texas, Fort Worth Division. Removal is proper for based on diversity jurisdiction, as set forth below:

### BACKGROUND

1. On or about December 22, 2020, cause number 348-322355-20, captioned *J. Taylor & Associates, LLC v. Matthew Spangler*, was filed in the 348th Judicial District Court in Tarrant County, Texas. (*See* APP. 2–13, *Plaintiff's Original Petition and Application for Injunctive Relief*).

2. Defendant was served with and received notice of Plaintiffs' Original Petition and Application for Injunctive Relief ("Original Petition") on January 5, 2021. (*See* APP. 17–19, *Return on Service on Citation*).

3. In this suit, Plaintiff claims that Spangler breached employment agreement(s) and misappropriated Plaintiff's alleged trade secrets. (*See* APP. 02-13). Defendant denies those claims and has asserted such denials in his Original Answer, filed in the state court on January 28, 2021. (*See* APP. 21-25, *Defendant Matthew Spangler's Original Answer*).

## PROCEDURAL REQUIREMENTS ARE SATISFIED

4. Defendant files this Notice of Removal based on diversity jurisdiction within 30 days after service of Plaintiffs' Original Petition.

5. Venue is proper in the U.S. District Court for the Northern District of Texas, Fort Worth Division, as Plaintiff originally filed this matter in Tarrant County, Texas.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

6. True and correct copies of the docket sheet and copies of all pleadings and papers filed in the state court action are attached hereto and incorporated herein by reference.  (*See* APP. 1-27).

7. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, is being promptly filed in the 348th Judicial District Court in Tarrant County, Texas, and served on Plaintiff.  (*See* APP. 26-27).  In addition, Defendant is providing prompt written notice of the filing of this Notice of Removal to Plaintiff.

8. Consistent with Local Rule 81.1, an appendix and index of all required documents is being filed with this Notice of Removal.

## DIVERSITY JURISDICTION

### *Diversity of Citizenship*

9. This Court has subject matter jurisdiction based on diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when: (1) the dispute is between citizens of different states: and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Both of these requirements are met in this case, as set forth below.

10. Complete diversity of citizenship existed at the time Plaintiff filed its Original Petition and at the time of removal.

11.     It is undisputed that Defendant is domiciled in is a citizen of the State of Colorado. (*See* APP. 02 at ¶ 3).

12.     Plaintiff is a Texas limited liability company. (*See* APP. 02 at ¶ 2). A limited liability company is a citizen of each state in which its members are citizens. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that "the citizenship of a[n] LLC is determined by the citizenship of all of its members"). Publicly available records indicate that each of Plaintiff's members is a Texas citizen. (*See* APP. 28–29). None of Plaintiff's members are citizens of Colorado.

13.     Because Plaintiff is a Texas citizen, and Defendant is a Colorado citizen, complete diversity of citizenship exists between Plaintiff and Defendant.

### *Amount in Controversy*

14.     The second requirement for removal on the basis of diversity jurisdiction is met if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003)). The removing party may satisfy this burden by, among other things, showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Espinoza v. Allstate Tex. Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) ("[T]he amount in controversy is determined by the amount sought on the face of the state court petition, so long as the claim is made in good faith.") (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

15.     Here, Plaintiffs' Original Petition specifies that it is seeking monetary relief "over $100,000 but not more than $200,000." (*See* APP. 03 at ¶ 6). Because Plaintiff seeks more than $75,000, the amount in controversy requirement is met, and removal is proper.

WHEREFORE, Defendant effects removal of this action from Tarrant County, Texas to the U.S. District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

/s/ Timothy A. Rybacki
Timothy A. Rybacki
State Bar No. 24056248
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400 (phone)
trybacki@littler.com

Ross G. Reyes
State Bar No. 24105707
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500,
Dallas, Texas  75201
214-880-8100 (Phone)
rgreyes@littler.com

ATTORNEYS FOR DEFENDANT
MATTHEW SPANGLER

**CERTIFICATE OF SERVICE**

On January 29, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send electronic notice and a copy of the foregoing document to the following counsel of record:

Stephen D. Taylor
Winstead PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
staylor@winstead.com

/s/ Timothy A. Rybacki
Timothy A. Rybacki

4849-9345-6601.1 097742.1004