IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J. TAYLOR & ASSOCIATES, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 4:21-CV-00101-P |
| MATTHEW SPANGLER, | § § § | |
| Defendant. | § § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Matthew Spangler ("Spangler") answers Plaintiff's First Amended Complaint (Dkt. 12) as follows:

### ANSWER TO PLAINTIFF'S ALLEGATIONS

Without waiving any of his affirmative or other defenses, Spangler responds to Plaintiff's allegations in the First Amended Complaint on a paragraph-by-paragraph basis, as set forth below:

### I. Parties

1.    Spangler admits the allegations in Paragraph 1 of the First Amended Complaint.

2.    Spangler admits the allegations in Paragraph 2 of the First Amended Complaint.

### II. Jurisdiction and Venue

3.    Spangler admits that this Court has subject matter jurisdiction over this action, as alleged in Paragraph 3 of the First Amended Complaint.

4.    Spangler does not contest personal jurisdiction but otherwise denies the allegations in Paragraph 4 of the First Amended Complaint.

5.    Spangler admits the allegations in Paragraph 5 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 1**

## III.  Factual Background

6.      Spangler admits that JTaylor provides the referenced services primarily in Texas and in certain other parts of the United States.  Spangler further admits that JTaylor maintains a healthcare consulting division that offers black box consulting, certain other financial consulting, and business valuation services to some clients in the healthcare field.  Spangler does not possess knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint, including the alleged "particular importance" of any services provided by Plaintiff.

7.      Spangler denies the allegations in Paragraph 7 of the First Amended Complaint.

8.      Spangler denies that Plaintiff possesses any "distinction" alleged in Paragraph 8 of the First Amended Complaint.  Spangler further denies the existence of any "processes, formulas, and analysis approaches" of Plaintiff that are "particular to this dispute."  Spangler does not possess knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9.      Spangler does not possess knowledge sufficient to admit or deny the allegations in Paragraph 9 of the First Amended Complaint.

10.      Spangler does not possess knowledge sufficient to admit or deny the allegations in Paragraph 10 of the First Amended Complaint.

11.      Spangler admits that Plaintiff has some clients in the healthcare field that include physician practice groups, hospitals and health systems.  Spangler denies the remaining allegations in Paragraph 11 of the First Amended Complaint.

12.      Spangler admits that Plaintiff has included some restrictive covenants in certain agreements it asks employees to sign.  Spangler does not possess knowledge sufficient to admit or

deny Plaintiff's motivation for doing so, and Spangler denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13.     Spangler denies the allegations in Paragraph 13 of the First Amended Complaint.

14.     Spangler denies the allegations in Paragraph 14 of the First Amended Complaint.

15.     Spangler admits that he applied for, interviewed for, and was offered a position in Plaintiff's healthcare consulting division in or around the summer of 2015.  Spangler denies any remaining allegations, if any, contained in Paragraph 15 of the First Amended Complaint.

16.     Spangler admits signing a document entitled "Confidentiality Agreement" in 2015, but he recalls and believes that document was merely part of an employee handbook that disclaims that contractual nature of its contents.  Spangler does not possess information sufficient to admit or deny any contingencies placed on his offer of employment with Plaintiff or Plaintiff's thought processes or motivations.  Spangler denies the remaining allegations, if any, set forth in Paragraph 16 of the First Amended Complaint.

17.     Spangler admits signing a document entitled "Confidentiality Agreement" in 2015, but he recalls and believes that document was merely part of an employee handbook that disclaims that contractual nature of its contents.  Spangler has no recollection of "agree[ing] to amendments" to that company policy document and, accordingly, denies that he did so.  Spangler further denies the remaining allegations, if any, set forth in Paragraph 17 of the First Amended Complaint.

18.     Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Spangler has no recollection of acknowledging or agreeing to any policy discussed in Paragraph 19 of the First Amended Complaint and, accordingly, denies doing so.  Spangler further denies that "Confidentiality Agreements" is a fair or accurate description of the documents

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 3**

referenced and denies any implication that any JTaylor handbook policy imposes binding post-employment contractual obligations on him.  Spangler denies any remaining allegations, if any, in Paragraph 19 of the First Amended Complaint.

20.     Spangler admits only that, during his employment with Plaintiff, he signed a Level II Compensation Agreement and one or more superseding agreements bearing the same or a similar title.  Spangler denies the remaining allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Spangler admits only that certain parts of Plaintiff's First Amended Complaint refer to a 2017 agreement as the "Level II Compensation Agreement."  Spangler denies the remaining allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Spangler admits only that the superseding 2017 Level II Compensation Agreement includes certain provisions restricting the use or disclosure of confidential information of Plaintiff and that those provisions speak for themselves.  Spangler denies any implication that he has taken any action contrary to any such provisions at any time.  Spangler further denies any remaining allegations, if any, contained in Paragraph 22 of the First Amended Complaint.

23.     Spangler states that the terms of the 2017 Level II Compensation Agreement speak for themselves.  Spangler denies the enforceability and validity of the "Restrictive Covenants" under applicable Texas law and denies any remaining allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Spangler states that the terms of the 2017 Level II Compensation Agreement speak for themselves.  Spangler denies the enforceability and validity of the "Restrictive Covenants" under applicable Texas law and denies any remaining allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Spangler denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Spangler denies receiving any specialized training related to the "black box" work he performed.  Spangler admits that he received certain "materials" related to "black box" work but denies that such materials amounted to "unique formulas, processes, and analysis" proprietary or secret to Plaintiff.  Spangler denies the remaining allegations, if any, contained in Paragraph 26 of the First Amended Complaint.

27.     Spangler admits only that VMG and Plaintiff occasionally compete for certain types of business with respect to the provision of financial consulting services in the healthcare industry. Spangler does not possess knowledge sufficient to admit or deny Plaintiff's allegations related to VMG's "historical" presence in the lines of business referenced.  Spangler denies the remaining allegations, if any, contained in Paragraph 27 of the First Amended Complaint.

28.     Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Spangler denies the allegations in Paragraph 32 of the First Amended Complaint.

33.     Spangler admits only that he accepted employment with VMG in June 2020 and that he notified Plaintiff of that decision, which he was fully entitled to make.  Spangler denies any remaining allegations contained in Paragraph 33 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 5**

34.      Spangler does not possess sufficient information to admit or deny the allegations contained in Paragraph 34 of the First Amended Complaint.

35.      Spangler denies the allegations in Paragraph 35 of the First Amended Complaint.

36.      Spangler denies the allegations in Paragraph 36 of the First Amended Complaint.

37.      Spangler admits that he received a "cease-and-desist" letter from Plaintiff's outside counsel in June 2020, the contents of which speak for themselves.  Spangler denies Plaintiff had any legitimate reason to send that letter and denies any remaining allegations, if any, contained in Paragraph 37 of the First Amended Complaint.

38.      The contents of the letter Spangler received from Plaintiff's outside counsel speak for themselves.  Spangler denies that Plaintiff had any legitimate reason to send that letter to him or to threaten litigation.  Spangler denies any remaining allegations, if any, contained in Paragraph 38 of the First Amended Complaint.

39.      Spangler admits that Plaintiff's outside counsel sent VMG a copy of the cease-and-desist letter threatening litigation, but Spangler denies Plaintiff had any legitimate reason to do so.  Spangler does not possess information sufficient to admit or deny Plaintiff's alleged motivations for its actions, and he denies any remaining allegations (if any) contained in Paragraph 39 of the First Amended Complaint.

40.      Spangler admits that he quickly responded to Plaintiff's outside counsel's letter and communicated the statements set forth in Paragraph 41 of the First Amended Complaint, including that he had always complied and planned to comply with the restrictions set forth in his 2016 Level II Compensation Agreement.  Spangler does not possess information sufficient to admit or deny the contents of VMG's response.  Spangler denies the remaining allegations in Paragraph 40 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 6**

41.     Spangler admits that he provided the written response that is quoted in Paragraph 41 of the First Amended Complaint.  Spangler denies any remaining allegations contained in that paragraph of the First Amended Complaint, if any.

42.     Spangler does not possess knowledge sufficient to admit or deny the allegations in Paragraph 42 of the First Amended Complaint.

43.     Spangler admits that Plaintiff did not file a lawsuit against Spangler in June 2020 and further admits that Plaintiff had no reason to take such legal action.  Spangler does not possess information sufficient to admit or deny any remaining allegations, if any, in Paragraph 43 of the First Amended Complaint.

44.     Spangler denies the allegations in Paragraph 44 of the First Amended Complaint.

45.     Spangler does not possess information sufficient to admit or deny what information Plaintiff claims to have "recently discovered" or received from Christus Health.  Spangler denies that he has violated any valid and enforceable contractual obligation owed to Plaintiff and denies any remaining allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Spangler denies the allegations in Paragraph 46 of the First Amended Complaint.

47.     Spangler admits only that he did some limited "black box" work associated with Christus Health while employed by Plaintiff.  Spangler denies the remaining allegations contained in Paragraph 47 of the First Amended Complaint and denies any implication of wrongdoing.

48.     Spangler denies the allegations in Paragraph 48 of the First Amended Complaint.

49.     Spangler denies that Plaintiff acted "in abundance of caution" in "reach[ing] out to the CEO of VMG" after it had filed this lawsuit.  Spangler does not have sufficient knowledge to admit or deny Plaintiff's allegations regarding its thoughts or suspicions and denies the remaining allegations contained in Paragraph 49 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 7**

50.	Spangler does not possess sufficient knowledge to admit or deny the allegations in Paragraph 50 of the First Amended Complaint.  Spangler denies any assertion of wrongdoing.

51.	Spangler does not possess sufficient knowledge to admit or deny the allegations in Paragraph 51 of the First Amended Complaint.  Spangler denies any assertion of wrongdoing.

52.	Spangler denies the allegations in Paragraph 52 of the First Amended Complaint.

53.	Spangler denies the allegations in Paragraph 53 of the First Amended Complaint.

54.	Spangler denies the allegations in Paragraph 54 of the First Amended Complaint.

55.	Spangler denies the allegations in Paragraph 55 of the First Amended Complaint.

56.	Spangler admits that VMG learned of the 2016 Level II Compensation Agreement he signed while employed with Plaintiff.  Spangler denies the remaining allegations in Paragraph 56 of the First Amended Complaint, including any assertion of wrongdoing.

57.	Spangler denies the allegations in Paragraph 57 of the First Amended Complaint, including any assertion of wrongdoing.

## IV.  Claims

### Count One – Breach of Contract

58.	Spangler incorporates its responses to Paragraphs 1-57.

59.	Spangler denies the allegations in Paragraph 59 of the First Amended Complaint.

60.	Spangler denies the allegations in Paragraph 60 of the First Amended Complaint.

61.	Spangler denies the allegations in Paragraph 61 of the First Amended Complaint.

62.	Spangler denies the allegations in Paragraph 62 of the First Amended Complaint.

63.	Spangler denies any wrongdoing and further denies that Plaintiff is entitled to the relief requested in Paragraph 63 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 8**

**Count Two – Violation of the Texas Uniform Trade Secret Act**

64.    Spangler incorporates its responses to Paragraphs 1-63.

65.    Spangler denies the allegations in Paragraph 65 of the First Amended Complaint.

66.    Spangler denies the allegations in Paragraph 66 of the First Amended Complaint.

67.    Spangler denies the allegations in Paragraph 67 of the First Amended Complaint.

68.    Spangler denies the allegations in Paragraph 68 of the First Amended Complaint.

69.    Spangler denies the allegations in Paragraph 69 of the First Amended Complaint.

70.    Spangler denies the allegations in Paragraph 70 of the First Amended Complaint.

71.    Spangler denies the allegations in Paragraph 71 of the First Amended Complaint and denies that Plaintiff is entitled to any of the relief requested therein.

72.    Spangler denies any wrongdoing and further denies that Plaintiff is entitled to the relief requested in Paragraph 72 of the First Amended Complaint.

**Count Three – Common Law Trade Secret Misappropriation**

73.    Defendant incorporates its responses to Paragraphs 1-72.

74.    Spangler denies the allegations in Paragraph 74 of the First Amended Complaint.

75.    Spangler denies the allegations in Paragraph 75 of the First Amended Complaint.

76.    Spangler denies the allegations in Paragraph 76 of the First Amended Complaint.

77.    Spangler denies the allegations in Paragraph 77 of the First Amended Complaint.

78.    Spangler denies the allegations in Paragraph 78 of the First Amended Complaint.

79.    Spangler denies the allegations in Paragraph 79 of the First Amended Complaint.

80.    Spangler denies the allegations in Paragraph 80 of the First Amended Complaint.

**Count Four – Unjust Enrichment**

81.    Defendant incorporates its responses to Paragraphs 1-80.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 9**

82.     Spangler denies the allegations in Paragraph 82 of the First Amended Complaint.

83.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to the relief requested in Paragraph 83 of the First Amended Complaint.

## Count Five – Punitive Damages

84.     Spangler incorporates its responses to Paragraphs 1-83.

85.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to the relief requested in Paragraph 85 of the First Amended Complaint.

## Count Six – Attorneys' Fees

86.     Spangler incorporates its responses to Paragraphs 1-85.

87.     Spangler admits only that Winstead PC represents Plaintiff in this case.  Spangler denies the remaining allegations in Paragraph 87 of the First Amended Complaint.

88.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to the relief requested in Paragraph 88 of the First Amended Complaint.

## Preliminary and Permanent Injunction

89.     Plaintiff incorporates its answers to Paragraphs 1-88.

90.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 90 of the First Amended Complaint.

91.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 91 of the First Amended Complaint.

92.     Spangler denies the allegations in Paragraph 92 of the First Amended Complaint.

93.     Spangler denies the allegations in Paragraph 93 of the First Amended Complaint.

94.     Spangler denies any wrongdoing and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 94 of the First Amended Complaint.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 10**

## V.  Conditions Precedent

95.       Spangler denies the allegations in Paragraph 95 of the First Amended Complaint.

## VI.  Prayer

96.       Spangler denies any wrongdoing and further denies that Plaintiff is entitled to any of the relief requested in paragraphs 1–10 in the Prayer section of the First Amended Complaint.

## SPANGLER'S AFFIRMATIVE AND OTHER DEFENSES

Pleading in the alternative when necessary, Spangler asserts the following affirmative and other defenses.  Spangler undertakes the burden of proof only as to defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below.  Spangler does not waive any additional or further defenses that may be revealed in the course of discovery or otherwise, and he expressly reserves the right to assert further defenses, counterclaims, or third-party claims that may become apparent through the course of this action:

### First Defense

Plaintiff's First Amended Complaint should be dismissed, in whole or part, for the failure to state a claim upon which relief can be granted.

### Second Defense

Spangler did not breach, but fully or substantially performed, his promises, covenants, and all duties and obligations under the subject agreement(s).

### Third Defense

Plaintiff cannot enforce, in whole or in part, the restrictive covenants at issue because they are contrary to public policy and are void or unenforceable as written.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 11**

**Fourth Defense**

The contractual covenants Plaintiff seeks to enforce are unreasonable in scope and duration and otherwise fail to comply with the requirements of the Texas Covenants Not to Compete Act, TEX. BUS. & COMM. CODE § 15.50, *et seq.*

**Fifth Defense**

Plaintiff lacks a legitimate business interest sufficient to justify enforcement of any of the restrictive covenants at issue, and it improperly seeks to enforce such covenants to an extent that is unjustified by any legitimate business interest worthy of protection.

**Sixth Defense**

To the extent they exist, certain contracts referenced in Plaintiff's claims were superseded by one or more subsequent contracts and, accordingly, are of no legal effect.

**Seventh Defense**

Plaintiff's claims based on any non-superseded agreement should be dismissed due to the lack of consideration or failure of consideration.

**Eighth Defense**

Plaintiff's claims for attorneys' fees are barred, in whole or in part, by Section 15.52 of the Texas Covenants Not to Compete Act.

**Ninth Defense**

Spangler has not misappropriated, has not misused, and has not disclosed any alleged trade secret information (if any) belonging to Plaintiff; any information used by Spangler in the course of his subsequent work consists of nothing more than general knowledge, skill, and experience or publicly known or available information that is not protectable by Plaintiff.

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 12**

## Tenth Defense

Plaintiff's claims and its requested relief are barred, in whole or part, based on waiver or estoppel.

## Eleventh Defense

Plaintiff's claims and its requested relief are barred, in whole or part, based on Plaintiff's unclean hands.

## Twelfth Defense

Any damages or other harm to Plaintiff (if any) are the result of its own acts and omissions, or the acts of third-parties, not any acts or omissions by Spangler.

## Thirteenth Defense

Plaintiff's claims under Chapter 134A of the Texas Civil Practice and Remedies Code are brought in bad faith; therefore, Spangler is entitled to recover his attorneys' fees upon a finding that he is the prevailing party.

## Fourteenth Defense

Plaintiff's common law trade secret misappropriation claim is preempted by statute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Spangler respectfully requests that the Court enter judgment that Plaintiff take nothing by his suit, and that he be awarded his costs, attorneys' fees, expenses, and all other legal and equitable relief to which he may be entitled.

Dated February 19, 2021                          Respectfully submitted,

                                                     /s/ *Timothy A. Rybacki*
                                                     Timothy A. Rybacki
                                                     State Bar No. 24056248
                                                     LITTLER MENDELSON, P.C.
                                                     1301 McKinney Street, Suite 1900
                                                     Houston, Texas 77010
                                                     713-951-9400 (phone)
                                                     trybacki@littler.com

                                                     Ross G. Reyes
                                                     State Bar No. 24105707
                                                     LITTLER MENDELSON, P.C.
                                                     2001 Ross Avenue
                                                     Suite 1500, Lock Box 116
                                                     Dallas, TX  75201.2931
                                                     214.880.8100 (phone)
                                                     rgreyes@littler.com

                                                     ATTORNEYS FOR DEFENDANT
                                                     MATTHEW SPANGLER

## <u>CERTIFICATE OF SERVICE</u>

On February 19, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the Case Management/Electronic Case Filing (CM/ECF) system, and served the foregoing document to the following counsel of record:

    Stephen D. Taylor
    Winstead PC
    300 Throckmorton Street, Suite 1700
    Fort Worth, Texas 76102
    staylor@winstead.com

                                                       /s/ *Timothy A. Rybacki*
                                                     Timothy A. Rybacki

**Defendant's Answer to Plaintiff's First Amended Complaint – Page 14**