IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| J. TAYLOR & ASSOCIATES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00101-P |
| § | |
| MATTHEW SPANGLER, § | |
| § | |
| Defendant. § | |

### ORDER

Before the Court is Plaintiff J. Taylor & Associates, LLC's Motion to Remand (ECF No. 6) and Defendant Matthew Spangler's Response (ECF No. 16). Relatedly before the Court is Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 9), Spangler's Response (ECF No. 15), and Plaintiff's Reply (ECF No. 18). Having considered the Motions, related briefing, and applicable law, the Court finds that the Motion for Leave should be and hereby is **GRANTED** and thus, the Motion to Remand should likewise be and is hereby **GRANTED.**

### BACKGROUND

This civil action was originally brought in the 348th District Court of Tarrant County, Texas on December 22, 2020, when Plaintiff filed an original petition against Spangler, alleging that he breached an employment agreement and misappropriated trade secrets when he left employment with Plaintiff and began working for a new company. ECF No. 1 at ¶ 1, ECF No. 1-1, Ex. 1. Spangler removed the case to this Court on January 29, 2021, on the basis of diversity jurisdiction. *Id.* at ¶ 9. The Court has issued an order

requiring the parties to meet and confer for the purpose of submitting the joint report to assist the Court in entering a scheduling order (ECF No. 17), but as of the date of this order, no scheduling order has issued.

Six days after removal, Plaintiff filed a motion to remand (ECF No. 6) and a motion for leave to file an amended complaint and join VMG Health, LLC ("VMG")—Spangler's new employer—as a defendant (ECF No. 9).[1] In the proposed First Amended Complaint ("FAC"), Plaintiff seeks to add VMG and assert claims for, *inter alia*, violations of the Texas Uniform Trade Secrets Act, common law trade secret misappropriation, tortious interference with contract, unjust enrichment, and conspiracy. FAC at ¶¶ 32–54. Plaintiff alleges that after filing the original petition, Plaintiff learned of additional facts that "confirmed VMG's involvement in Spangler's breaches of the restrictive covenants and use of [Plaintiff's] confidential information." ECF No. 10 at 5. Plaintiff further alleges that after obtaining this new information, it was engaging in Rule 408 discussions with VMG (as opposed to adding VMG as a party) when VMG removed the case. *Id.* at 5–6. Plaintiff asserts that VMG is Spangler's new employer who has "participated in and profited from Spangler's conduct," and the claims against VMG and Spangler are "inextricably intertwined and arise out of the same set of operative facts and the same law." *Id.* at 6. It is undisputed that VMG is a Texas citizen, so joinder would destroy diversity.

---

[1] Plaintiff subsequently filed the First Amended Complaint as a separate docket filing (ECF No. 12), but the Court has not yet ruled on the Motion for Leave. *See* N.D. TEX. LOC. CIV. R. 15.1 (providing that the proposed amended pleading should be attached as an exhibit to the motion for leave and that if leave is granted "the clerk will file the original of the amended pleading").

Spangler opposes joinder of VMG and alleges that the purpose is simply to defeat this Court's diversity jurisdiction. ECF No. 15 at 7. Spangler's argument focuses on the timing of Plaintiff's knowledge of facts giving rise to Plaintiff's claims against VMG. *Id.* at 7–10. Spangler attempts to show that Plaintiff consciously chose not to add VMG and that Plaintiff was dilatory in seeking to join VMG. *Id.* at 10–11.

Having now been fully briefed, the Motion to Remand and Motion for Leave to File First Amended Complaint are ripe for review.

## ANALYSIS

When a plaintiff seeks joinder of a nondiverse defendant post-removal, a district court may deny joinder or permit joinder and remand to state court. 28 U.S.C. § 1447(e); *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The Fifth Circuit instructs district courts to "scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1882. "When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors." *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). These four factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1882.

*First*, the Court finds that the primary purpose of Plaintiff's amendment is not to destroy diversity, but to ensure that Plaintiff can prosecute its case against all potentially liable parties. Indeed, Plaintiff has sought to join VMG, a diverse defendant who is

3

Spangler's new employer and who has allegedly worked in concert with Spangler to commit various tortious acts. *See* FAC. These claims against VMG are facially valid, which supports the first factor. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010). Further, Plaintiff demonstrates that it did not seek to join VMG earlier because it "did not have sufficient facts." Thus, the first factor supports joinder. *See Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734-G, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (Fish, J.).

*Second*, the Court finds that Plaintiff was diligent in seeking the amendment as it sought leave to file the First Amended Complaint before a scheduling order has issued, only six days after removal, and approximately 6 weeks after this lawsuit was filed. *See Holcomb v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (Lynn, J.) ("The Litigation is still in its infant stages. The case was filed on July 24, 2001 and removed on August 21, 2001. On September 28, 2001, when the Plaintiff initially sought to add Baumberger and Watkins, the case had only been active for a few months. The facts do not justify labeling the Plaintiff's amendment as *per se* dilatory."); *Johnson v. Sepulveda Properties, Inc.*, No. CIV.A. 99-2312, 1999 WL 728746, at *3 (E.D. La. Sept. 16, 1999) ("The amendment came two months after plaintiff filed her original petition in state court. I find that the amendment came at a time still early enough in the proceedings so as not to be classified as dilatory for purposes of *Hensgens*.").

*Third*, the Court finds that Plaintiff would be prejudiced if it had to litigate its claims against VMG separately from its claims against Spangler when the claims all arise out of

the same operative facts. "The main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings." *Holcomb*, 2001 WL 1480756, at *3. That concern is present here, as parallel state and federal court proceedings against Spangler and VMG could result in potentially inconsistent findings on fundamental issues such as whether Spangler violated the restrictive covenants. Therefore, this factor favors joinder. *See id.*

And *fourth*, the Court finds that the equities favor amendment as this is still a relatively new case with little discovery having been conducted and no substantive motion practice (outside of the Motion for Leave and Motion to Remand) having occurred. Further, judicial economy and efficiency favor joinder as it would be inefficient and encourage needless expense (for both the parties and third parties) if discovery is conducted separately when the facts and parties are so intertwined. Although Spangler disagrees, he sets forth no equities weighing against joinder. Therefore, this factor favors joinder. *See McNeel*, 2004 WL 1635757, at *4.

Having considered the *Hensgens* factors, the Court concludes that the Motion for Leave should be **GRANTED,** Plaintiff's First Amended Complaint accepted as a separate docket entry and VMG joined as a party. Thus, having joined VMG as a party thereby destroying diversity, the Court concludes that Plaintiff's Motion to Remand should be and hereby is **GRANTED.**

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave, **GRANTS** Plaintiff's Motion to Remand, and **ORDERS** that this case be **REMANDED** to the **348th District Court of Tarrant County, Texas.**

The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Clerk of Tarrant, County, Texas.

**SO ORDERED** on this **31st day** of **March, 2021**.

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE